Locke D. Barkley, Trustee
Chapter 13 Proceedings
6350 I-55 NORTH, #140
JACKSON, MISSISSIPPI 39211
PHONE (601) 353-6661

Nedra Spees
784 Hemingway Cove
Hernando, Mississippi 38632
Phone (901) 356-5635

July 5, 2015

Subject: Case #15-10961-JDW

Dear Sirs:

**I sent, through certified mail, three letters directly stating that I dismissed Mr. Giles King, Attorney, on May 14, 2015.** Referring to the second page of "Exhibit "A" sent on **May 14, 2015,** the same day, I would be representing myself from this point forward!

I do not understand the legality of the "Motion to Withdraw as Counsel" that has been irrelevant for over six weeks and I strongly disagree with allowing or granting this motion. I informed by certified mail to Hyatt, Legal Services – received returned card on (May 21, 2015), Giles King, Attorney – returned to sender unopened (June 4, 2015) and Locke Barkley, Trustee – received returned card (May 18, 2015). Am I really supposed to accept that by just not opening certified mail from me, Mr. King still has the authority to act on or pretend to be my attorney of record? Coincidently, I received this motion in the mail directly (two days after a consultation from another bankruptcy attorney) after I showed him proof of trustee conformation of my termination of him. It has been one thing after another with this attorney and I will add this to the complaint I may file at another time. My termination of Mr. King is within my rights and is on record with all CONCERNED PARTIES. A respected professional would not try to end run a motion that had any validity, he would have filed it long before **June 23, 2015.** I believe this is a last ditch effort to take the focus off of his incompetence with complacent mishaps to leave with dignity. As far as I am concerned, it is too late as he continued to practice after Hyatt Services and Chapter 13 Trustees were informed and became bound by confidentially.

So, when this (firing of Mr. King) was enacted there should have been no further exchange of information between the Trustee and Mr. King period. In my eyes, He did not have contact any trustees or myself for over six weeks. By the "Motion of Continue" I received on **May 25, 2015**, tells me he had to be aware of exactly what was in the registered letter and hid from that date forward. What sense does that make given he was still claiming to be my active counsel (contradictive)? Actually, I had not heard from my representing attorney since **May 11, 2015**. I think Mr. King realized he was gone and refused to acknowledge it by returning unopened mail and covering his mistakes. Mr. King has been representing me with reporting misinformation and incorrect paperwork.

I trust and understand confidentiality dictates Trustee communication. The sheer audacity of representing me after I officially let him go not only severely violates client attorney privilege, but also, destroys the boundaries legally set up for Chapter 13 and myself!  I believe that Mr. King should be notified that his "Motion to Withdraw as Counsel" is NULL AND VOID.

Note: I did meet with another attorney, Robert Lomenick, Jr., on **June 25, 2015, who** also specializes in bankruptcy. I decided not to give my name at the appointment itself as some attorneys talk and wanted complete autonomy. However, I did give my name when I scheduled the first and second appointments (I missed the first appointment, four days earlier on **June 22, 2015,** so I believe my case was looked up, Mr. King was contacted and he filed the "Motion to Withdraw as Counsel" the next day). I never gave permission for my case to be reviewed prior to my consultation nor to converse with anyone else connected to my case. I am aware that this may not be illegal however, it falls completely off of the ethical charts. Access to my case should be completely confidential. All of my private financial information is available to any attorney? Hackers? Banks? I would appreciate conformation on what exactly is listed and available to those that do not have permission yet have direct contact with my private and confidential information? Upon arrival my information was already on screen as he only touched the mouse and looked at the computer screen, and then he refused to even look over my information as long as "Mr. Giles King Jr. was still acting attorney of record" for my Chapter 13 case. Refusing to allow me to look at the computer screen with my information on it, I restated many times insisting that I am acting on my own behalf. Imagine the shock of believing for several weeks I am representing myself and then being told out right that I am not only on record representing myself, but also, I never was!  Is he right about however and whenever my case is brought up that Mr. Giles King, is on the screen as representing me at all and for anything? I want to know why the status of my Chapter 13 legal records was not changed immediately upon receipt of my **May 14, 2015** letter.

Mr. Lomenick's behavior was out of proportion about seeing the hard copy of Exhibit "A", page 2, original confirmation of attorney termination I sent to the Trustees and I had to get it out of my folder twice for him to understand, I provided it both times. Yet more puzzling, the next thing he asked to see was the homeowner's deed (I never told him I had a deed). This was already a settled issue for us (Tina Spees and myself), However, I showed it to him (but I wanted to talk about the income requirements the other attorney misrepresented). He actually "floated" my copy through the air over top of the desk telling me emphatically "you can't add anyone to a deed while in Chapter 13. Immediate Red Flag, after showing him the copy anyway he actually got aggressive and stated, "anybody can get this invalidated at any time without getting permission". The governing attorney regarding the deed told us that we could file and the copies we submitted to the trustees were uncontested therefore is legal; illustrating the attorney's need to defend Mr. King's words from previous conversations almost to the letter and most important mirroring yet again the timing. I received the "Motion to Withdraw as Counsel" showing up **June 27, 2015 (five days from the missed appointment and two days after the consultation)**! Tina and I (as she accompanied me to this consultation) both denied it, and then, Tina insisted that we leave.

Sincerely,

Nedra Spees

CC: Hyatt Legal Plan, 111 Superior Avenue, Suite 800, Cleveland, Ohio 44114

Enclosed:

**SENDER: COMPLETE THIS SECTION**
- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

OFFICE OF THE TRUSTEE CHAP 13 PROCEEDINGS
6350 I-55 NORTH ST., #140
JACKSON, MS ~~38835~~ 39211

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature: X Sallie McLaurin ☒ Agent ☐ Addressee
B. Received by (Printed Name): Sallie McLaurin   C. Date of Delivery: 5-18-15
D. Is delivery address different from item 1? ☐ Yes ☐ No

3. Service Type
☐ Certified Mail  ☐ Priority Mail Express
☐ Registered  ☐ Return Receipt for Merchandise
☐ Insured Mail  ☐ Collect on Delivery

4. Restricted Delivery? (Extra Fee) ☐ Yes

2. Article Number (Transfer from service label): 7014 2120 0002 6879 3668

PS Form 3811, July 2013   Domestic Return Receipt

---

**SENDER: COMPLETE THIS SECTION**
- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

LOCKE D. BARKLEY
CHAPTER 13 TRUSTEE
P.O. BOX 1859
MEMPHIS, TN 38101-1859

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature: X Express Courier ☐ Agent ☐ Addressee
B. Received by (Printed Name):   C. Date of Delivery: MAY 18 2015
D. Is delivery address different from item 1? ☐ Yes ☐ No

3. Service Type
☐ Certified Mail  ☐ Priority Mail Express
☐ Registered  ☐ Return Receipt for Merchandise
☐ Insured Mail  ☐ Collect on Delivery

4. Restricted Delivery? (Extra Fee) ☐ Yes

2. Article Number (Transfer from service label): 7014 2120 0002 6879 2500

PS Form 3811, July 2013   Domestic Return Receipt

---

**SENDER: COMPLETE THIS SECTION**
- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

HYATT LEGAL PLANS
1111 SUPERIOR AVE, SUITE 800
CLEVELAND, OH 44114

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature: X ☐ Agent ☐ Addressee
B. Received by (Printed Name): Michael C. Penzner   C. Date of Delivery: 5/21/15
D. Is delivery address different from item 1? ☐ Yes ☐ No

3. Service Type
☒ Certified Mail  ☐ Priority Mail Express
☐ Registered  ☒ Return Receipt for Merchandise
☐ Insured Mail  ☐ Collect on Delivery

4. Restricted Delivery? (Extra Fee) ☐ Yes

2. Article Number (Transfer from service label): 7014 2120 0000 9984 7462

PS Form 3811, July 2013   Domestic Return Receipt

IN THE BANKRUPTCY COURT OF THE UNITED STATES
NORTHERN DISTRICT OF MISSISSIPPI

IN RE: NEDRA ANN SPEES, Debtor    CASE # 15-10961

## MOTION TO WITHDRAW AS COUNSEL

Comes Now Counsel for the debtor, GILES W. KING, attorney and files this Motion to Withdraw as Debtor's Counsel and for cause would show unto this Honorable Court the following:

That the Debtor, NEDRA ANN SPEES, has filed a document with the Trustee's office notifying the Trustee that she wishes to terminate the counsel of Attorney and proceed PRO SE in her present chapter 13 case.

WHEREFORE PREMISES CONSIDERED, counsel respectfully requests the Court to enter an Order Allowing him to Withdraw as Counsel for Debtor, Allowing her to continue PRO SE in her chapter 13 case and for such other and further general relief as the Court deems just and proper under the circumstances.

RESPECTFULLY SUBMITTED this 23rd day of June, 2015.

/s/ Giles W. King
Giles W. King, Esq.
Attorney for Debtor
5699 Getwell Road
Building F, Suite 1
Southaven, MS  38672
662-349-3111

## CERTIFICATE OF SERVICE

I, Giles W. King, Attorney, do hereby certify that the following have been served with a true and correct copy of the above Motion to Withdraw as Counsel via ECF by electronic delivery:

Henry G. Hobbs, Jr., Acting U. S. Trustee: USTPRegion05.JA.ECF@usdoj.gov
Locke D. Barkley: sbeasley@barkley13.com

I further do hereby certify that I have this day forwarded a true and correct copy of the Motion to Withdraw as Counsel to the following parties by United States Postal Service:

Nedra Ann Spees
784 Hemingway Cove
Hernando, MS  38632

This the 23rd day of June, 2015

/s/ Giles W. King
Giles W. King, Esq.

Exhibit "A"

GILES W. KING, JR.
5699 GETWELL ROAD, BLDG F, STE. 1
SOUTHAVEN, MS 38672

Nedra Spees
784 Hemingway Cove
Hernando, Mississippi 38632

May 14, 2015

Dear Mr. King,

This letter is to inform you that you services are no longer needed for the Chapter 13 Bankruptcy (Case # 15-10961-JDW). I will be informing the Office of the Trustee Chapter 13 Proceedings that from this day forward I will be representing myself. Please send me copies of all files sent to the Office of the Trustee Chapter 13 Proceedings and/or Locke D. Barkley, TRUSTEE NORTHERN DISTRICT. Additionally, please refund $125 for the QuitClaim Deed ordered the day of the Chapter 13 Bankruptcy hearing for which disallowed.

Sincerely,

*Nedra A. Spees*

Nedra A. Spees

CC:   OFFICE OF THE TRUSTEE CHAPTER 13 PROCEEDINGS, 6350 I-55 NORTH ST., #140, JACKSON, MISSISSIPPI 38835